IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RECEIVED

FEB 27 2023

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Case/Cause No. 23 50066

Richard Wigginton,

Petitioner, Plaintiff,

**NOTICE OF REMOVAL**

V.

Case No. 2021-CM-81

Honorable Judge Ryan Swift

Robin Babcox-Poole, Boone County A.S.A.
Officer K.C. Brox,
United States Postal Service "USPS"
USPS Federal employees Kaila Osborne
Stephanie Johnson, et.al...

23cv50066
Judge Philip G. Reinhard
Magistrate Judge Lisa A. Jensen

Respondent, Defendants,

## NOTICE OF REMOVAL

¶1.  Now comes Petitioner Richard Wigginton in direct support with bone fide elements and issues, for the notice of removal of the above encaptioned state court cause into the jurisdiction of this United States Northern District Court, of Illinois on racial Civil rights violations and Federal questions. Herein, alleges, states, and provides, removal is based on new and different grounds, newly discovered facts, law, and where subsequent proceedings have been conducted in State Court otherwise substantiating Removal is warranted indicating significant changes from previous attempts. Courts have consistently held that section § 1446(b) permits a party to file a second notice of removal after an unsuccessful attempt at removal. The mere fact that a case was previously remanded is not dispositive and does not by itself preclude a defendant from filing a second removal.

## JURISDICTION

¶2.  This court now has proper jurisdiction over this cause of action for removal,

1

pursuant to including but not limited to, the following statutory authorities 28 U.S.C. 1443(1)(2), 28 U.S.C. 1446(b), 28 U.S.C. 1441, 28 U.S.C. 1367. Moreover this court is a Article III court with the express authority to hear and adjudicate any questions arising under the Constitution and laws of the United States including but not limited the bill of rights, the First Amendment, the Ninth Amendment, the Eleventh Amendment, the Fourteenth Amendment, the Civil Rights act of 1964, and the Supremacy clause of the United States Constitution.

## INTRODUCTION

¶3. Petitioner complains of various willful, systemic deprivation of fundamental rights, guaranteed by the Federal Constitution, and/or by Federal law, by which include but are not limited to deprivations are civil violations of 42 U.S.C. 1964.

¶4. Within the proceedings of the instant court case, Petitioner has duly advised the State Court Judge, and all other parties, multiple times in official writings, each and certain actions including but not limited to depriviation of rights, federally protected rights and constitutional violations present in the judicial events that exist, have been done, and pose further threat against the Petitioner,. The clear, unambiguous violations of the basis due process, the Federal Constitution, State statutory laws, Federal statutory laws, Federal regulatory laws, and relevant rulings have been identified, demonstrated and shown.

¶5. This petition of Notice of Removal insures the very essence of the enactment and clearly expressed purpose of 28 U.S.C. 1443(1) by Congress, i.e to wit provides a remedy for removal to a United States District Court when a State Court litigant is denied or cannot enforce in the Courts of such State a right under any law providing for the equal rights of a citizen of the United State or of all persons within the jurisdiction thereof.

## TIMELINESS OF and GROUNDS FOR REMOVAL

¶6. The relevant portion of 28 U.S.C. 1446(b) that provides for a timely petition for removal is stated here: "If the case stated by the initial pleading is not removable, a notice of removal maybe filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case which is or has become removable.(emphasis added)

¶7. The People of the State of Illinois, Boone County Prosecutor, Amended Information presented and filed on January 26, 2023. Plaintiff is the named Defendant in case #2021-cm-81, this removal is triggered by the simultaneous service of State filed amended information instanter.

¶8. On the same day and simultaneously with the filing of the amended information a bench trial was conducted after and in the violation of Plaintiff's Federally protected rights including those rights consistent with racial prejudice, inequality and indifference. Notwithstanding the trial, this is not a post judgment removal request, except for the trial court has not rendered any determination, decision or order, this proceeding in the state court is otherwise still pending against Plaintiff. That being said the Removal is ripe, warranted and justifiable given the elements, ingredients and issues presented before this Court.

## RECORD OF STATE PROCEEDINGS

¶9. The sheer volume of the pleadings in the instant state court matter is in excess of several hundreds of pages, this is due to the constant civil rights, constitutional and federally protected right violations that have been continually committed within the same ongoing matter, and these records are not a necessary element contained within this petition unless and until this Court request such information, documentation or evidence, as it would be a tremdous burden on the Plaintiff.

## 28 U. S. C. §1443 NOTICE OF REMOVAL
## Pursuant to Civil Rights Act of 1964, subsection V, "Federally Assisted Programs"
## 42 U.S.C. §2000d. "Subject Matter".

¶10. Plaintiff was arrested for criminal trespass for simply practicing his first amendment right under the both the U.S. Constitution and Illinois Constitution, while in public, where general public accommodations exist, arising at the United States Postal Service property, territory and land located at 1800 Doc Wolf Drive Belvidere, Illinois 61008. Plaintiff being racially targeted and receiving disparate and unequal treatment as a Hispanic was unlawfully arrested, assulted, discriminated, and retaliated against as a minority by and through unnecessary and excessive force when seeking to obtain public services at a Federally assisted facility, while peaceable redressing his government over

3

grievances at the Federal United States Post Office open to the general public in Belvidere, Illinois.

¶11. United States Congress by and through the Civil Rights Act of 1964, 78 Stat. 241 and the decision of *Hamm v. City of Rock Hill, 379 U. S. 306* held that the Act precludes state trespass prosecutions for peaceful attempts to be served upon an equal basis in establishments covered by the Act, and would otherwise include 42 U.S.C. §2000d, 2000d–1—2000d–4. (This mirrors 39 U.S.C. §410 (6) "Postal Service" Federal application of law"). sections 2000d, 2000d–1—2000d–4 of title 42 (title VI, the Civil Rights Act of 1964), thus if it denies the Plaintiff a right under a law providing for equal civil rights under the Civil Rights Act of 1964 removal is justified, warranted and necessitated.

## 28 U. S. C. §1443 NOTICE OF REMOVAL

¶12. Pursuant to 28 U.S.C. §1443, any civil or criminal prosecutions, commenced in a States court may be removed by the Defendant to the District court of the United States for the District and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within jurisdiction thereof, and (2) for any act under the color of authority from any law providing for equal rights, or refusing to do any act on the ground that it would be inconsistent with such law.

¶13. Amendment. Specifically invoking the language of subsection (1), the "denied or cannot enforce" clause, said petition is clear in stating: petitioner has/is/will be denied and/or cannot enforce in the Courts of the State of Illinois, Boone County rights under the Constitution and Laws of the United States providing for the equal rights of citizens of the United States . . . in that, among other things, the County, prosecutor and Defendant's custom, usage, and practice supports and maintains a policy of racial discrimination.

¶14. Invoking the language of subsection (2), the "color of authority" clause, the petition affirmatively states: petitioner was/is being prosecuted for acts done under color of authority derived from the constitution and laws of the United States and for being accused of refusing to do an act which was, and is, inconsistent with the Constitution and

4

Laws of the United States.

## PROHIBITED REMOVAL OF STATE COURT CASE

¶15. 28 U.S.C. 1443 (1) provides for removal of any and all State court cases for violations of equal rights, with the sole exceptions being only the following four types of circumstances, pursuant to 28 U.S.C. 1455:

(a) a civil actions against a railroad, receiver, trustees, under certain laws;

(b) a civil actions against a carrier, receiver, trustees, under certain laws;

(c) a civil actions against under the workmen's compensation laws; and

(d) a civil actions arising under sec. 40203, violence against women's act.

¶16. Therefore the Civil rights violations against the Petitioner committed within the instant State matter are perfectly proper grounds for removal to the United States District Court.

## OVERVIEW OF ONGOING CIVIL RIGHTS VIOLATIONS

¶17. Whether acting individually, in either overt or covert concert, the Defendants/ Respondents, prosecutors, judge of the State Court proceedings, individuals in official capacities, and along with other incidental individuals have continually and consistently victimized the Plaintiff by committing numerous violations against his civil rights, by intentionally knowing, and willful obstruction and deprivations of the same rights, throughout the entire course of the State proceedings since is original inception May 2021. Such transgressions against peace, dignity, and the law have included: Knowing refusals to recuse and withdraw in the face of obvious conflict of interest, abusing the power of a court of law to inflict false order, malicious prosecutions against Plaintiff, respondents conspiring to assist and commit various direct fraud upon the court, numerous willful violations of fundamental equal rights, threatening and intimidating the petitioner in motions and in open court to no longer mention, elements or issues including but not limited to: Federal Jurisdiction, the Federal Constitution and other due process violations, and a plethora of violations so long in listing that it is utterly abominable to even consider the thought, what more appalling is the prosecution acted on the threats which the Court condoned.

## 28 U.S.C. 1441(a) FEDERAL QUESTION NOTICE OF REMONAL

¶18. Federal jurisdiction exist in this case where the state-created action requires an interpretation of federal law. *Merrell Dow Pharmaceutical, Incorporated v. Thompson, 478 U.S. 804, 804 (1986)*. Notwithstanding the Civil Rights Act of 1964 claims, here the District Court is called upon to interpret matters of Federal interest, conflict of law, Federal preemptions, congressional intent, sovereign immunity or exclusive Federal interest.

¶19. Plaintiff's Removal pursuant to 28 U.S.C.§ 1441, involves necessary and "essential elements" of federal claims "*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* ___ *U.S.* ___, *125 S. Ct. 2363, 2367 (2005)*" In Grable, the underlying controversy depended on the meaning of one federal notice statute.

¶20. The Grable Court noted that even though there might be a substantial and essential federal issue, removal might still be inappropriate if the exercise of federal jurisdiction were to disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable, at 2368*. Which in Plaintiff's case demonstrates that by not removing the case to Federal court would certainly disrupt the balance of powers that congress wholly intended would be left to the District Court when USPS is a party.

¶21. Pursuant to 28 U.S.C. §1331 Federal courts have original jurisdiction over actions involving a federal question. including jurisdictional questions, Defendant/Respondent pursuant to 39 U.S.C. §201. United States Postal Service: there is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service.( Pub. L. 91–375, Aug. 12, 1970, 84 Stat. 720). In addition pursuant to 39 U.S.C. §401. General powers of the Postal Service and §404. Specific powers: gives all and all power, control and authority by and through US Congress with perscribed Federal Law, Regulations and authority to the United States Postal Service. Notwithstanding the necessity or requirement before this District Court to interpret said statutes and regulations, it first compels involvement by and through Defendant/Respondent, USPS who should be commanded to engage in the proceedings to otherwise argue Statute 39 U.S.C. §"Postal Service" and 39 C.F.R.§ Regulation of Postal Service" and including but not limited to subsections §232.1& §232.1(p) (2) & §232.1(q) (2) which herein is at contention. In any case Plaintiff would put heavy emphasis on the

6

importance of the ascription the particular meaning established within the "Postal Service" code and regulation at 39 U.S.C. and 39 C.F.R. respectfully. As it has previously been demonstrated by and through improper judicial opinion of the inapplicable anaylsis of legislative intent of law, (40 U.S.C. .§3112) which should be pointed out is otherwise an error of law,(as §3112 is wholly specifically designated to "GSA" "other Federal Property) it mandates USPS as possessor/title holder/owner of property aquired by and through purchase to construe and translate any meaning of Postal Property, jurisdictional status, statutes or regulations. This will undoubtedly enable the Court to discern with wisdom and make a reasonable, and proper finding and judgment based on appropriate and accurate informational facts rather than on personal bias, opinion, assumption, merer speculation or otherwise. Plainitff reiterates with emphasis that 40 U.S.C. §3112 is inapplicable as to USPS properties since the enactment of 39 U.S.C. and 39 C.F.R. and the Postal Reorganization Act of 1970 which abolished the then United States Post Office Department, respectfully.

### The four questions here that are presented before this Court are:

(1) What type of jurisdiction the Post Office property is held under?
(2) Whether local law enforcement can enforce laws on USPS property?
(3) Whether 39 C.F.R. §232.1(q)(2) requires/mandates an intergovernmental agreement, MOU or otherwise between Federal and State agencies to operate under concurrent jurisdiction?
(4) Whether U.S.P.S. acquires property by following specific statutory procedures set forth under United States Postal Service "USPS" Title 39 U.S.C. §101(g) and 39 U.S.C.§ 401(5) OR Government Services Administration "GSA" under Title 40 U.S.C. §3112, other Federal property?

### SUMMARY AND PRAYER

¶22. Petitioner reiterates that the request for removal to this court is not just about a supported and reasonable expectation of some future manifest deprivation of Plaintiff's various Civil, Constitution, Federal, and equal rights within the same said state court, but also such a deliberately unlawful pattern of the same is well established, threatened yet again, and must be stopped.

¶23. Without the immediate intervention and the exercise of full jurisdiction and the authority of this Honorable Court in retaining said lower state proceeding, at the very least

7

to issue such appropriate declaratory and injunctive relief as to due process and equal civil rights, that Plaintiff will be otherwise subjected to manifestly egregious denial and inability to enforce in said state court one or more rights under the laws providing for the equal rights of the Plaintiff a citizens of the United States, and will likewise unlawfully forced to suffer manifestly irreparable harm and injuries therein, without any further reasonable remedy at law.

**WHEREFORE**, the undersigned Plaintiff Richard Wigginton, now Prays for retaining this removal of the instant state court matter under the jurisdiction of this United States District Court, appropriate declaratory and injunctive relief, decide all supplementary matters and any other relief this Court deems just and proper.

Respectfully Submitted

Richard Wigginton
Pro Se
549 Prairie Point Drive
poplar Grove, Illinois 61065
309-716-5622
mericaoncheck@yahoo.com