IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Wigginton, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 C 50066 |
| | ) | |
| vs. | ) | |
| | ) | |
| Robin Babcox-Poole, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

  For the reasons stated below, Mr. Wigginton's motion to disqualify the court [1-2] is denied. This case is remanded forthwith to the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois. The application to proceed in forma pauperis [3] is granted. Mr. Wigginton is advised that any further attempts at litigating this matter in this court may subject him to sanctions pursuant to fed. R. Civ. P. 11.

## STATEMENT-OPINION

  Richard Wigginton, a pro se defendant, filed a notice of removal [1] removing his criminal misdemeanor prosecution from the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois. He also filed an application to proceed in forma pauperis [3]. Mr. Wigginton has previously removed this criminal case (22cv50361) and the court remanded it. He then filed a document captioned Notice of Petition and Warrant for Removal in which he "prays for retaining the removal of the instant state court proceeding" in this court. It was docketed as case number 22cv50440. The court dismissed this petition for lack of subject matter jurisdiction. Mr. Wigginton has filed another notice of removal. With this latest notice of removal, Mr. Wigginton also moves [1-2] pursuant to 28 U.S.C. § 455 to disqualify the court from this case.

  Mr. Wigginton submitted a Freedom of Information Act ("FOIA") request to the Postal Service with a list, as disclosed on the Northern District of Illinois's website, of the business entities in which the court has an ownership interest. One of the entities listed is Penumbra, Inc., a corporation incorporated in Delaware which makes medical devices. Mr. Wigginton's FOIA request asked the Postal service to identify which of the entities on the list had contracts with the Postal Service. Mr. Wigginton has attached the Postal Service's response to this FOIA request to his motion to disqualify the court. The Postal Service's FOIA response states: "In response to your request, of the 22 entities that were listed in your FOIA request, Penumbra Security, Inc. is the only supplier in which the Postal Service currently has a contract." Dkt # 1-2, p. 5.[1] An internet search reveals that Penumbra Security, Inc. is a corporation incorporated in Oregon. Penumbra Security, Inc. is owned by SGS, S.A. a corporation organized under the laws of

---

[1] Mr. Wigginton submitted this FOIA response in duplicate. Dkt # 1-12, pp. 4-6 and 8-10.

Switzerland. The court does not have an ownership interest in SGS, S.A. nor in Penumbra Security, Inc.

In his motion, Mr. Wigginton also references the court's ownership interest in 3-M Corporation. However, 3-M is not identified in the Postal Service's FOIA response as an entity with which the Postal Service has a contract. It is not clear why Mr. Wigginton included 3-M Corporation in his motion to disqualify.

28 U.S.C. § 455 provides in relevant part:

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

\*\*\*

**(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

Penumbra, Inc. is not a party to this proceeding, is not the subject matter of this proceeding, nor could the outcome of this case substantially affect the court's interest in Penumbra, Inc. Disqualification is not required under 28 U.S.C. § 455(b)(4). Nothing in this record suggests that a reasonable well-informed observer would perceive a significant risk that the court would resolve this case on a basis other than the merits based on its ownership of stock in a corporation which has no connection to this litigation. See *Hook v. McDade*, 89 F.3d 350 (1996).[2]

As noted above, this case is Mr. Wigginton's third removal of his state court criminal misdemeanor case. The court remanded the prior two (22cv50361 and 22cv50440). Mr. Wigginton appealed 22cv50361 and also sought a writ of mandamus from the Court of Appeals in that case. The Court of Appeals dismissed the appeal holding the "district court properly remanded this case to state court." [14] It also denied the petition for writ of mandamus [18] warning Mr. Wigginton "that further frivolous litigation may result in sanctions." In response to Mr. Wigginton's motion for clarification, the Court of Appeals stated: "It is frivolous to attempt to interrupt a state prosecution in federal court, absent extraordinary circumstances not present here. To the extent petitioner believes he has a defense to his charges based on federal law, he may assert that defense only through the state court system consistent with the state's procedural rules and subject to review by the United States Supreme Court after final judgment. See Younger v. Harris, 401 U.S. 37 (1971)." *In re Wigginton*, No. 23-1240, Document 5 (7th Cir. Feb. 27, 2023).

---

[2] Even if Penumbra, Inc. and/or 3-M had a contract with the Postal Service, it would have to appear that the court's interest in one or both of those corporations could be substantially affected by Mr. Wigginton's misdemeanor prosecution or that a reasonable well-informed observer would perceive a significant risk that the court would resolve the case other than on the merits based on its stock ownership. Nothing in the record provides a basis to support disqualification under either of these standards.

Mr. Wigginton continues to argue that federal statute and regulations deprive the Illinois courts and Illinois law enforcement agencies of jurisdiction over, and authority to enforce, state criminal laws for actions taken on the property of the U.S. Postal Service in Belvidere, Illinois. He also raises the argument that removal is proper because he was targeted for prosecution because of his race (Hispanic).[3]

The Court of Appeals has already held that the "extraordinary circumstances" required to interrupt a state prosecution in federal court are not present here and that he must raise his defenses based on federal law through the state court system and thereafter to the United States Supreme Court. The relief he seeks cannot be granted by a federal district court.

For the foregoing reasons, Mr. Wigginton's motion to disqualify the court [1-2] is denied. This case is remanded forthwith to the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois. The application to proceed in forma pauperis [3] is granted. Mr. Wigginton is advised that any further attempts at litigating this matter in this court may subject him to sanctions pursuant to Fed. R. Civ. P. 11.

Date: 4/27/2023                                             ENTER:

                                                            Philip G. Reinhard
                                                            _____
                                                            United States District Court Judge

                                                                        Notices mailed by Judicial Staff.

---

[3] His argument that he was targeted for prosecution because of his race does not meet the requirement for removal enunciated in *Johnson v. Mississippi*, 421 U.S. 213 (1975). The court discussed this standard in its prior remand order [6] in 22cv50361. *Johnson* establishes a two-prong test and Wigginton does not meet the second prong of the test because he does not assert any state legislative or constitutional provision that denied him or makes it impossible for him to enforce a specified civil right stated in terms of racial equality. *Johnson*, 421 U.S. at 219.